**3**

**W. L. STUMBO, Appellant, v. BREECE MFG. CO., Appellee.**

(Circuit Court of Appeals, Sixth Circuit. December 11, 1925.)

No. 4323.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

George B. Martin, of Catlettsburg, Ky. (A. J. May and B. F. Combs, both of Prestonsburg, Ky., and Martin & Smith, of Catlettsburg, Ky., on the brief), for appellant.

Albion Z. Blair, of Portsmouth, Ohio, and S. S. Willis, of Ashland, Ky., for appellee.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. On cross-petition to an action for balance due on sale of lumber, begun in the state court and removed, the court decreed reformation of the sales contract by fixing the price at "per cube," instead of "per cubic foot," as stated in the writing, on the ground of mutual mistake, and dismissal accordingly of the plaintiff's petition.

In view of the procedure which we deem essential in the interest of justice, we find it unnecessary to review the evidence. It suffices to say that under the evidence we are unable to concur in the finding of mutual mistake. The plaintiff clearly was not mistaken. He knew the difference and wanted to sell at "cubic foot" price. The evidence, however, fully justified the conclusion that defendant was mistaken as to the meaning of "cube"; that it believed the term used, "cubic foot," to mean "cube."

The cross-petition, however, is based, not only upon mutual mistake, but upon defendant's mistake, induced by plaintiff's actual fraud. There is no finding as to the fraud. This court could itself consider the evidence bearing thereon, and, if it found fraud therefrom, could sustain the decree dismissing the petition. But as such a determination depends primarily, perhaps solely, upon the credibility of the parties and their witnesses, we deem it best to have the experienced trial judge who saw and heard the witnesses make

a finding in respect thereto in the first instance.

The decree will therefore be reversed, with directions to decide the question of fraud and to enter a decree pursuant thereto. No costs will be awarded in this court.